IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERIE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12 C 7133 |
| ) | |
| RSB EQUITY GROUP, LLC, etc., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Sherie Robinson ("Robinson") has brought a Fair Debt Collection Practices Act ("Act") Complaint against RSB Equity Group, LLC, charging it with continuing to pursue an alleged debt after it was discharged in bankruptcy. This memorandum order is issued sua sponte because of the problematic manner in which Robinson's attorney has drafted the Complaint.

All of the Complaint's allegations are set out in the brief compass of its first 19 paragraphs, which occupy something less than two typewritten pages. But then the Complaint purports to advance no fewer than seven separate "counts" (even though each of them simply incorporates by reference the allegations of Complaint ¶¶1-19), followed in each instance by a reference to a provision of the Act assertedly violated by the conduct described in those allegations.

That is an impermissible distortion of the fundamentals of federal pleading, for Robinson has advanced only a single claim (the operative federal concept), which is not multiplied simply

because different theories of recovery are recited--see the excellent discussion in NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992).[1]

Accordingly everything in the Complaint following Complaint ¶19 is stricken sua sponte, with leave granted of course to file an appropriate amendment to the Complaint on or before September 24, 2012 to cure the flaw identified here.  Because that flaw should be so readily curable, this Court is contemporaneously issuing its customary initial scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 12, 2012

---

[1] That lesson is reinforced by the limited role specified for different counts in the second sentence of Fed. R. Civ. P. ("Rule") 10(b), which to this Court's knowledge is the only place that "counts" are mentioned in the Rules.