**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Sherie Robinson,<br><br>    Plaintiff,<br><br>v.<br><br>RSB Equity Group, LLC<br>c/o Roy Mullman<br>11175 Cicero Drive, Suite 100<br>Alpharetta, GA 30022,<br><br>    Defendant. | Case No. 1:12-cv-07133<br><br>**AMENDED COMPLAINT**<br><br>**Jury Demand Requested** |

Now comes Plaintiff, by and through her attorneys, and, for her Amended Complaint against Defendant, alleges the following:

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of Illinois.

5- Defendant is a corporation with its principal office in the State of Georgia.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- On or around April 23, 2009, Plaintiff filed a voluntary bankruptcy petition ("Petition").

10- The Petition included the Debt.

11- On or around August 11, 2009, Plaintiff received a discharge of the Debt.

12- On or around May 2012, despite having knowledge of Plaintiff's bankruptcy, Defendant telephoned with Plaintiff to collect the Debt and left a voicemail.

13- At the time of this communication, Defendant knew or should have known about the Petition and discharge.

14- During this communication, Defendant represented that it would file a lawsuit against Plaintiff for the Debt if Plaintiff did not return Defendant's call.

15- During this communication, Defendant threatened to contact Plaintiff's employer if Plaintiff did not return Defendant's call.

16- On or around May 22, 2012, Plaintiff telephoned Defendant.

17- During this communication, Plaintiff notified Defendant that she had filed bankruptcy.

18- Defendant damaged Plaintiff by causing her undue stress and anxiety.

19- Defendant violated the FDCPA.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated several provision of the Fair Debt Collection Practices found at 15 U.S.C. §1692 et seq.

22- Defendant violated 15 USC §1692c(a)(2) by communicating with a consumer after having notice that the consumer was represented by an attorney.

23- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

24- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

25- Defendant violated 15 USC § 1692e(5) by threatening to take action against Plaintiff that Defendant cannot legally take.

26- Defendant violated 15 USC § 1692e(5) by threatening to take action against Plaintiff that Defendant did not intend to take.

27- Defendant violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

28- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## JURY DEMAND

29- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30- Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*