UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sherie Robinson,<br><br>    Plaintiff,<br><br>v.<br><br>RSB Equity Group, LLC,<br><br>    Defendant. | Case No. 1:12-cv-07133<br><br>**PLAINTIFF'S MOTION<br>FOR DEFAULT JUDGMENT** |

Now comes Plaintiff, by and through counsel, pursuant to Federal Rule of Civil Procedure 55(b), and respectfully moves the Court to enter judgment against Defendant. Plaintiff respectfully requests that this Court enter judgment against Defendant for $26,000. Default Judgment against Defendant is appropriate since Defendant failed to respond to the Complaint and the Clerk entered Defendant's default on the record. Further reasons are included in the attached Memorandum in Support.

                              Respectfully submitted,

                              Meier LLC

                              By: */s/ Richard J. Meier*
                              Richard J. Meier, LLC
                              53 W. Jackson Street, Suite 304
                              Chicago, IL 60604
                              Tel: 1.312.242.1849
                              Fax: 1.312.242.1841
                              Ricahrd@meierllc.com
                              *Attorneys for Plaintiff*

1

## MEMORANDUM IN SUPPORT

I- INTRODUCTION

On September 6, 2012, Plaintiff filed this case for violations of the Fair Debt Collection Practices Act ("FDCPA").[1] On September 11, 2012, Plaintiff perfected Service upon Defendant by serving the Summons and a copy of the Complaint through a private process server.[2] Then, on September 14, 2012, pursuant to the Court's instructions, Plaintiff filed an Amended Complaint,[3] which was served upon Defendant on October 11, 2012.[4]

At a status hearing on November 1, 2012, this Court granted Plaintiff's oral motion for entry of default if Defendant failed to timely file its Answer or responsive pleading by November 1, 2012.[5] Accordingly, Plaintiff now moves this Court to enter Judgment against Defendant in the above-captioned matter.

II- LAW AND DISCUSSION

**A. Plaintiff is entitled to a judgment against Defendant**

The decision to enter a default judgment rests in the sound discretion of the trial court. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *see also Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3rd Cir. 1984). In exercising this discretion, the Court should consider three factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3rd Cir. 2000). In the case at hand, Defendant had numerous opportunities to address Plaintiff's allegations but failed to do so. Defendant engaged in numerous email and

---

[1] Docket # 1.
[2] Docket # 7.
[3] Docket # 8.
[4] Docket # 9.
[5] Docket # 10.

telephone communications with Plaintiff's counsel and was expressly notified of the November 1, 2012 status hearing. Even after that status hearing, Plaintiff's attorney communicated with Defendant to inform Defendant about what transpired. Despite Plaintiff's efforts at resolution, Defendant continues to abstain from any kind of formal participation in this matter. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant's failure to deny Plaintiff's allegations amounts to an admission of the same, and establishes Defendant's liability under the FDCPA. Given Defendant's liability, Plaintiff is entitled to recover damages under the FDCPA that, without the requested judgment, Plaintiff would not be able to enforce. Defendant had multiple notices of this lawsuit and ample opportunity to participate in this litigation; it seems, however, that Defendant purposely and intentionally avoided doing so. Accordingly, default judgment against Defendant is appropriate.

### B. Damages Under the Fair Debt Collection Practices Act

Under the FDCPA, a successful plaintiff is entitled to recover statutory damages up to $1,000; actual damages sustained as a result of the defendant's conduct; and the costs of the action plus reasonable attorney's fees. 15 U.S.C. § 1692k. Damages recoverable as "actual damages" under the statute include "damages for personal humiliation, embarrassment, mental anguish, [and] emotional distress…" *Staff Commentary on the FDCPA*, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988) (Section 813-Civil Liability). *See also*, *McNally v. Client Services, Inc.*, 2008 WL 2397489 (W.D. Pa 2008). Typical damages that are compensable under the FDCPA include crying, *Bingham v. Collection Bureau, Inc.*, 505 F. Supp. 864 (D.N.D. 1981), loss of sleep, *Boyce v. Attorney's Dispatch Service,* 1999 U.S. Dist. LEXIS 12970 (W.D. Ohio 1999), anxiety, nervousness, fear, worry, loss of happiness, *Thomas v. National Business Assistants, Inc.*, 1984 WL 585309 (D. Conn. 1984), emotional or mental distress, *Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182 (D. Del. 1991), loss of appetite, *Crossley v. Lieberman,* 90 B.R.

3

682 (1988), aggravation of medical conditions, *Bundren v. Superior Court*, 145 Cal App. 3d 784 (1983), as well as other non-physical and physical injuries. And, an FDCPA plaintiff does not need to satisfy the state's elements of intentional infliction of emotional distress to recover actual damages. *Gerber v. Citigroup, Inc.*, 2009 WL 248094 (E.D. Cal. 2009); *see also Panahiasl, et al. v. Gurney*, 2007 WL 738642 (N.D. Cal. 2007); *Davis v. Creditors Interchange Receivable Management, LLC*, 585 F. Supp.2d 968, 970-973 (N.D. Ohio 2008). Further, the FDCPA is a strict liability statute and a plaintiff does not need to show intent on the part of the Defendant to recover damages under the statute. *McCabe v. Crawford & Co.*, 272 F. Supp.2d 736, 743 (N.D. Ill., 2003) *(citing Grief v. Wilson, Elser, Moskowitz, Edelman & Dickler, LLP*, 217 F.Supp.2d 336, 340 (E.D.N.Y. 2002); *see e.g. Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1004 (9th Cir. 2008) (*citing Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *see also Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1004 (9th Cir. 2008) (*citing Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006).

Relevant to the case at hand, the FDCPA prohibits a debt collector from: communicating with a consumer that is represented by an attorney, 15 U.S.C. § 1692c(a)(2); engaging in conduct intended to harass, oppress, or abuse any person, 15 U.S.C. §1692d; threatening to take any action that cannot be legally taken or is not intended to be taken, 15 U.S.C. §1692e(5); and otherwise engaging in unfair or unconscionable practices during the collection of a debt, 15 U.S.C. §1692f.

In the case at hand, Plaintiff filed a voluntary bankruptcy petition in April 2009 and received a discharge of her debts on august 11, 2009.[6] Despite Plaintiff's bankruptcy filing, in

---

[6] Plaintiff Affidavit at ¶ 1. Attached as Exhibit A and incorporated herein. In determining the amount of damages on a motion for default judgment, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). However, it is "well settled that a court, in lieu of a hearing, may rely on detailed affidavits and documentary evidence, along with its own personal knowledge of the record." *Capitol Records, Inc. v. Zahn*, 2007 WL 542816 (M.D. Tenn 2007).

4

May 2012, Defendant telephoned Plaintiff and left a voicemail stating that it would file a lawsuit against Plaintiff and contact Plaintiff's employer if Plaintiff did not return Defendant's call.[7] When Plaintiff returned Defendant's call and learned that Defendant was calling about a 2007 debt, Plaintiff informed Defendant that she had filed bankruptcy on the debt in 2009 and received a discharge.[8] Defendant, however, did not care.[9] Defendant just wanted Plaintiff to pay.[10]

Defendant's brash voicemail threatening to file a lawsuit and to embarrass Plaintiff at her job demonstrates a clear disregard for the law. As Judge Posner stated in *Ross v. RJM Acquisitions Funding, LLC*, "[w]hen a debtor's debts are discharged in bankruptcy, efforts to collect them are unlawful." 480 F.3d. 493 (7th Cir, 2007). Defendant's behavior, however, went far beyond sending a dunning letter to Plaintiff. Defendant did not care to research whether Plaintiff filed bankruptcy; rather, Defendant's goal was to intimidate and abuse Plaintiff into giving Defendant money. And it worked – to an extent. Defendant's conduct caused Plaintiff to question the effectiveness of her bankruptcy, and whether she had to deal with any other zombie debts.[11] Plaintiff became preoccupied and withdrawn over the prospect of defending herself in court, or losing her job.[12] Fortunately, Plaintiff contacted her bankruptcy attorney before giving in to Defendant's intimidation and learned that Defendant's actions were illegal.[13]

Particularly troubling is that Defendant is not new to the collection industry; it is a well-established business and its managers have several years of experience in the industry. Defendant

---

*See also Laborers Pension Trust Fund v. Muscat*, 2005 WL 1348852 (E.D. Mich. 2005); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105 (2nd Cir. 1997). Reliance on affidavits in lieu of an evidentiary hearing makes particular sense where, as in the present case, the Defendant has failed to appear or otherwise defend and thus would not participate in such an evidentiary hearing if it occurred.
[7] *Id.* at ¶ 2.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at ¶¶ 3-4.
[12] *Id.* at ¶ 4.

should know better, and its conscious disregard for the FDCPA in this case demonstrates a callous attitude. For this reason and the damages that she suffered, Plaintiff respectfully requests that this Court enter an award of $25,000 in actual damages.

III- <u>CONCLUSION</u>

Plaintiff respectfully moves the Court to enter Default Judgment against Defendant in the above-captioned matter. Defendant violated the FDCPA by repeatedly communicating with Plaintiff after being notified that Plaintiff was represented by and attorney; engaging in conduct intended to harass, annoy, and oppress Plaintiff into giving Defendant money; and engaging in abusive, unfair, and unconscionable conduct during the collection, or attempted collection of a debt. As a direct and proximate result of Defendant's conduct, Plaintiff suffered mental and emotional distress for which she is entitled to recover damages under the FDCPA, along with result his reasonable attorneys' fees and costs incurred in this action. For these and the foregoing reasons, Plaintiff respectfully requests that this Court enter Judgment against Defendant for $26,000.

        Respectfully submitted,

        Meier LLC

        By: <u>/s/ Richard J. Meier</u>
        Richard J. Meier, LLC
        53 W. Jackson Street, Suite 304
        Chicago, IL 60604
        Tel: 1.312.242.1849
        Fax: 1.312.242.1841
        Richard@meierllc.com
        *Attorney for Plaintiff*

---

[13] *Id.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 21, 2012, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The following parties were served through U.S. Mail.

RSB Equity Group
c/o Roy Mullman
2100 Parklake Drive, Suite E
Atlanta, GA 30345

*/s/ Richard J. Meier*